ON MOTION FOR REHEARING
BOOTH, Judge.
Appellant seeks rehearing on this court’s affirmance without opinion of his conviction for trafficking in marijuana, citing the recent decision in Lake Butler Apparel Company v. Department of Agriculture and Consumer Services, 551 F.Supp. 901 (M.D. Fla. 1982), wherein the federal district court held unconstitutional in part Section 570.15, Florida Statutes (1981), dealing with agricultural inspection searches.
On appeal, appellant claimed that the trial court erred in allowing into evidence marijuana seized in a warrantless search of his camper truck. Appellant asserted that the odor of marijuana emanating from the camper truck, from which the officers found probable cause to search, was detected only after the officers partially forced open the camper top, an allegation which was denied by the agents involved and resolved by the trial judge in his denial of appellant’s motion to suppress. In his motion for rehearing, appellant now claims that the stop itself was illegal, relying upon the Lake Butler Apparel case, supra.
We find that the initial stop of appellant’s vehicle, after he passed the agricultural inspection station without stopping, was legal and that he was properly required to return with his vehicle to the inspection *283 station.[1] We find that the search itself, based upon a finding of probable cause supported by credible evidence, was valid.
In the Lake Butler Apparel case, supra, the federal district court declared Section 570.15, Florida Statutes (1981) unconstitutional only to the extent that it authorizes searches without probable cause” or even a “reasonable suspicion.”[2] Since the search of appellant’s vehicle in the instant case was based upon probable cause and not upon those criteria in the statute which the federal court found unconstitutional, our decision affirming the trial court’s denial of appellant’s motion to suppress the evidence is not contrary to, nor is it inconsistent with, the federal case.[3] The federal ruling likewise does not affect our affirmance of the trial court’s denial of appellant’s motion to dismiss the information, which was based in part on Fourth Amendment grounds.
Motion for rehearing is, accordingly, denied.
WENTWORTH and THOMPSON, JJ, concur.

. Subsection 570.15(2), Florida Statutes (1981), provides that it is unlawful for the driver of an unexempted vehicle to pass any official road guard inspection station without first stopping and submitting the vehicle for inspection, and that a violation of this subsection constitutes a misdemeanor of the second degree. Section 570.15(3) authorizes law enforcement officers to assist in enforcement of subsection (2) and provides that they may stop and detain any vehicle and its driver who has failed to stop at an inspection station until an employee of the Department of Agriculture arrives to conduct the inspection. Further, according to subsection (3), the law. enforcement officer or road guard inspection special officer may require the driver to return with his vehicle to the road guard inspection station where the driver failed to stop the vehicle for inspection. These portions of the statute have not been ruled unconstitutional by the federal district court in the Lake Butler Apparel case, supra.

. In Lake Butler Apparel Company v. Department of Agriculture and Consumer Services, 551 F.Supp. 901 (M.D.Fla.1982), the federal district court held that Section 570.15, Florida Statutes (1981) is unconstitutional “to the extent that such statute purports to authorize searches of motor vehicles, with or without a warrant, upon the mere showing: (1) that the searching officer has reason to believe that the vehicle is of the type described in subsection (a) of notice to stop for inspection; (2) that the vehicle has been given reasonable notice to stop for inspection; and (3) that the driver or operator of the vehicle has refused to consent to a search.” The court permanently enjoined the Department of Agriculture from conducting any vehicular searches under the authority of the statute “with or without a search, upon the establishment of the mere grounds or causes enumerated in paragraph 1 above,” but further held:
That nothing in this decree shall be construed or interpreted to enjoin or restrain the Defendants or others from conducting vehicular searches upon the existence of probable cause to believe that a violation of an existing regulatory statute has occurred or is occurring; nor shall anything in this decree be interpreted to enjoin or restrain the Defendants or others from conducting vehicular searches carried out pursuant to any future legislative enactment or administrative regulation containing reasonable legislative or administrative standards including specific neutral criteria for conducting such searches.

.Our decision on this point renders it unnecessary to decide the effect on decisions of this court of a federal court’s ruling on the validity of a Florida statute.